CULPEPPER, Judge,
dissenting.
I agree with the majority’s observation that the Lewing, Howell and Lewis cases permit the presentation of additional evidence in the district court, short of a trial de novo. The difficult question, under these decisions, is when does the additional evidence become a trial de novo.
In Lewing and Howell our supreme court recognized that the school board should be the principal finder of fact. Otherwise, the court would not have stated that the hearing in the district court should not be a trial de novo. In the present case, the decisive issue is the credibility of the witnesses. The school board heard the witnesses for the board and it heard the testimony of the two teachers and several of their witnesses. The board voted nine to two to believe the board’s witnesses and not to believe the teachers and their witnesses who testified before the board.
For some reason which has never been explained by the two teachers they had four witnesses who could have given direct evidence before the board that the teachers were at home sick and were not in Colorado deer hunting. Fred Jones, Burford’s next door neighbor for 12 years, Mabel Grafton, Dowden’s mother and James Grafton, Dow-den’s stepfather, had actually been subpoenaed and were present at the board hearing but were not called to testify by the teachers. Mrs. Jerry Burford, mother of Bob Burford, was not present at the school board hearing but she said that she would have been glad to testify had she been called. Since the principal issue was the credibility of the two teachers, I think they should have called these four witnesses to testify before the board. The teachers should not be permitted to wait until the case is before the district court on judicial review and have this crucial testimony introduced by deposition. I think this case reaches the point at which the hearing in the district court became a trial de novo. The result reached by the district judge and by the majority on the court of appeal denies to the school board the fact finding function intended by the legislature and recognized by our supreme court.
Moreover, even considering all the evidence which was heard by the board as well as the four depositions admitted in evidence in the district court, my independent review of this record leads me to the conclusion that the testimony of the two teachers and their witnesses is incredible. It would simply be too much of a coincidence to be worthy of belief that both teachers planned the hunt, advanced fees and costs totaling almost $500 which was nonrefundable, left sufficient lesson plans *857 for the entire week they were gone, had their wife and their mother respectively telephone the school board on Sunday night and report that they had bronchial infections which prevented them from talking on the telephone and then to be out of communication with the school board during the entire week when they must have known through their families that the school board authorities were looking for them and asking for them to return telephone calls. With all due respect to the four witnesses whose depositions were filed in the district court, they are clearly biased.
It is my view that this case should be remanded all the way back to the school board for a full hearing in order that the board can perform its proper fact finding function.
For the reasons assigned, I respectfully dissent.